**Christian K. NARKIEWICZ–LAINE, Plaintiff,**

v.

**SCANDINAVIAN AIRLINES SYSTEMS, Defendant.**

No. 08 C 50106.

United States District Court, N.D. Illinois, Western Division.

Sept. 12, 2008.

Christian K. Narkiewicz–Laine, Galena, IL, pro se.

Alan L. Farkas, Michael Sweeney McGrory, Madsen, Farkas & Powen, L.L.C., Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

PHILIP G. REINHARD, Judge.

Plaintiff, Christian K. Narkiewicz–Laine, filed this action claiming breach of contract against defendant, Scandinavian Airlines Systems, in state court, the 15th Judicial Circuit Court, Jo Daviess County, Illinois. Defendant removed under 28 U.S.C. § 1441 claiming this court has subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air Concluded at Montreal, Canada, May 28, 1999 ("Montreal Convention"). Defendant argues this treaty preempts plaintiff's state-law claims. Plaintiff moves to remand and defendant moves to transfer venue to the Eastern Division of the Northern District of Illinois.

Plaintiff's complaint alleges two claims: 1) defendant's flight, on which plaintiff was a scheduled passenger, from Dublin to Copenhagen on March 6, 2008, was delayed causing him to miss his connection to Helsinki and the flight he was rescheduled on arrived 1½ hours later in Helsinki than his originally scheduled flight; 2) defendant did not refund or re-book another ticket plaintiff purchased to fly from Dublin to Oslo on June 21, 2006, even though plaintiff had called defendant on the scheduled day of departure and advised defendant he was sick and unable to travel.

Plaintiff seeks to remand arguing "a refund of a ticket has nothing to do whatsoever with the Montreal Convention or a Treaty with the United States.... This was a simple credit card transaction that resulted in a broken contract." Plaintiff further asserts that his claim for refusal to re-book his Oslo flight due to illness is not governed by the Montreal Convention nor any other treaty. Defendant agrees that the claim for the Oslo flight is not covered by the Montreal Convention but asserts supplemental jurisdiction under 28 U.S.C. § 1367 over this claim.

Ordinarily, when a case is removed, the court looks only to plaintiff's statement of his own claim in his well-pleaded complaint to see if it is one arising under "the Constitution or a law or treaty of the United States" so as to confer federal-question jurisdiction. *City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904 (7th Cir.2004) (citations omitted). Generally, federal preemption is a defense to a state law claim and does not provide grounds for removal because a *defense* based on federal law is not a *claim* arising under federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Complete preemption is the exception to this rule. "Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). The question is whether the Montreal Convention completely preempts any state-law claims so that this action is in reality based on the treaty. *See id.*

The Montreal Convention entered into force on September 5, 2003, after its ratification by the United States Senate. *See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.,* 522 F.3d 776, 781 (7th Cir.2008). The Montreal Convention replaced the Warsaw Convention and its supplementary amendments added over the years. *Id.* at 780–81. The Montreal Convention, according to its terms, "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Article 1. Article 19 provides "[t]he carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Article 29 states "[i]n the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable."

The language of Article 29 is very similar to the language of Article 24, paragraph 2 of the Warsaw Convention, as amended by Montreal Protocol No. 4. This amendment went into effect in the United States on March 4, 1999. Paragraph 2 of amended Article 24 provides "[i]n the carriage of cargo, any action for damages, however founded, whether under this Convention, or in contract or in tort or otherwise, can only be brought subject to the conditions and limits of liability set out in this Convention." *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155, 175 n. 15, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999) (quoting Article 24, as amended by Montreal Protocol No. 4). Article 29 of the Montreal Convention uses nearly identical language but applies it to the carriage of passengers and baggage, as well as cargo.

The Seventh Circuit recently considered the language of Article 24 of the amended Warsaw Convention and stated "Article 24 expressly contemplates that an action may be brought in contract or in tort. The liability limitation provisions of the Warsaw Convention simply operate as an affirmative defense." *Sompo,* 522 F.3d at 785. This reasoning logically extends to the strikingly similar language of Article 29 of the Montreal Convention. Accordingly, claims may be brought under the Convention or they may be brought "in contract or in tort or otherwise" but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention. Plaintiff brought state-law breach of contract claims. Because the conditions and limits of the Montreal Convention are defenses to the state-law claims raised by plaintiff, they do not provide a basis for federal-question subject matter jurisdiction. *See id.; Serrano v. American Airlines, Inc.,* No. CV 08–2256 AHM, 2008 WL 2117239 (C.D.Cal. May 15, 2008); *but see, Knowlton v. American Airlines, Inc.,* No. RDB–06–854, 2007 WL 273794 (D.Md. Jan. 31, 2007). Plaintiff's claims do not arise under the Constitution or a law or treaty of the United States. The complete preemption doctrine does not apply. This case is remanded to the 15th Judicial Circuit Court, Jo Daviess County, Illinois for lack of subject matter jurisdiction. Defendant's motion to transfer is denied as moot. Plaintiff's motion for sanctions related to defendant's filing of the motion to transfer is denied.