KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
To paraphrase Tolstoy, each ERISA preemption case is complicated in its own way. Although I agree that Loffredo’s state-law claims for breach of fiduciary duty and silent fraud are preempted, his age-discrimination claim is not preempted, and his promissory-estoppel claim was not adequately pleaded, I write separately in hopes of providing both a degree of clarity to at least one aspect of this tangled web and a more thorough analysis of the preemption issue as it relates to the case before us.
ERISA can preempt state-law claims in two ways: complete preemption under 29 U.S.C. § 1132(a) and express preemption under 29 U.S.C. § 1144. Normally, the consequence of the former is that the suit containing those claims can be removed to federal court; a completely preempted state-law claim “arises under” federal law and thus vests the district court with federal-question jurisdiction. Wright v. Gen. Motors Corp., 262 F.3d 610, 613 (6th Cir.2001). By contrast, express preemption under § 1144 is a defense; it is grounds for dismissal, but not for removal. See id. at 614-15; Warner v. Ford Motor Co., 46 F.3d 531, 533-35 (6th Cir.1995) (en banc). Our prior ERISA preemption cases have not always clearly differentiated between the two concepts, but we should take care to do so in the future.
In addition to its jurisdictional impact, complete preemption of a state-law claim by ERISA also affects how the federal court should treat that claim, regardless of how it arrived in federal court. Because state-law claims that are completely preempted are, in fact, federal claims, the court should treat them as such, evaluating them as ERISA claims and, unless doing so would be futile, granting the plaintiff leave to amend the complaint to re-plead those claims to conform with ERISA. The question in such situations is whether the plaintiff could state an ERISA claim based on the allegations underlying his ostensible state-law claim, not whether, looking at the complaint as pleaded, he has done so; a plaintiff not expecting to find himself with an ERISA claim may not have pleaded *501 every known fact that could support such a claim (such as identifying specific Plan terms that the defendants violated in support of an § 1132(a)(1)(B) claim), and should thus have an opportunity to do so. The plaintiff could also seek to amend the complaint with new ERISA claims, subject to Federal Rule of Civil Procedure 15. By contrast, state-law claims that are expressly preempted under § 1144 should be dismissed with prejudice. See Briscoe v. Fine, 444 F.3d 478, 501 (6th Cir.2006). The difference in treatment stems from the fact that completely preempted claims “fall within the scope” of ERISA’s civil-enforcement regime, Aetna Health Inc. v. Davila, 542 U.S. 200, 221, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), and expressly preempted claims interfere with that regime.
Daimler argued before the district court that Loffredo’s state-law claims should be dismissed as completely preempted. The district court correctly recognized that this argument misunderstands the doctrine of complete preemption. Complete preemption under § 1132(a) is not grounds for dismissal. See Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 596 (7th Cir.2008) (“Complete preemption [is] really a jurisdictional rather than a preemption doctrine.... ”); 13D Charles Alan Wright, Arthur Miller, Edward Cooper & Richard Freer, Federal Practice & Procedure § 3566 at 297 (3d ed. 2008) (“ ‘Complete preemption’ ... is actually a doctrine of subject matter jurisdiction.”). If an ostensible state-law claim is in fact an ERISA claim, it cannot be dismissed as preempted by ERISA; that is, ERISA cannot preempt an ERISA claim. See Ackerman v. Fortis Benefits Ins. Co., 254 F.Supp.2d 792, 816-17 (S.D.Ohio 2003). A state-law claim that is not completely preempted can nonetheless be expressly preempted, and thus subject to dismissal, under § 1144. See Thurman v. Pfizer, Inc., 484 F.3d 855, 860-61 (6th Cir.2007).
Just as the results of the two types of preemption are different, so are the analy-ses. A plaintiff’s state-law claim is completely preempted “if [he], at some point in time, could have brought his claim under ERISA” and “there is no other independent legal duty that is implicated by a defendant’s actions.” Davila, 542 U.S. at 210, 124 S.Ct. 2488; see also Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 328 (2d Cir.2011) (describing complete preemption under ERISA as a “two-part test”); Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 946 (9th Cir.2009) (same); Franciscan Skemp Healthcare, 538 F.3d at 597 (same). A plaintiff “could have brought” a state-law claim under ERISA if he or she has standing to bring such a claim and if the claim can be construed as a colorable claim for recovery under ERISA. See Montefiore Med. Ctr., 642 F.3d at 328 & n. 7. When making this determination, we should consider the substance of the state-law claim, not its label. See Davila, 542 U.S. at 214, 124 S.Ct. 2488; Peters v. Lincoln Elec. Co., 285 F.3d 456, 469 (6th Cir.2002).
A claim is expressly preempted, and thus subject to dismissal, if it is based on a state law that “may now or hereafter relate to any employee benefit plan.” 29 U.S.C. § 1144(a). State-law claims “relate to” ERISA plans for § 1144 preemption purposes if they “‘(1) mandate employee benefit structures or their administration; (2) provide alternate enforcement mechanisms; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself ” or otherwise seek a remedy that is “primarily plan-related.” Thurman, 484 F.3d at 861 (quoting Penny/Ohlmann/Nieman, Inc. v. Miami Val *502 ley Pension Corp. (PONI), 399 F.3d 692, 698 (6th Cir.2005)) (internal quotation marks omitted).
Applying these standards to the case before us reveals this ERISA preemption case’s own brand of complication. The allegations underlying Loffredo’s state-law breach-of-fiduciary-duty claim— misuse of funds, self-dealing, actions not in participants’ best interests — appear to be the precise type of claim that “could have [been] brought” under § 1132(a)(2). Davila, 542 U.S. at 210, 124 S.Ct. 2488; see also Smith v. Provident Bank, 170 F.3d 609, 613-14 (6th Cir.1999) (applying the doctrine of complete preemption to § 1132(a)(2)); 29 U.S.C. §§ 1104, 1109 (describing fiduciary duties under ERISA). As a beneficiary of the Plan, Loffredo unquestionably would have standing to bring such a claim. The twist is that ERISA’s fiduciary-responsibility provisions do not apply to top-hat plans. See 29 U.S.C. § 1101(a)(1). Nonetheless, we have held that “it is the nature of the claim — breach of fiduciary duty — that determines whether ERISA applies, not whether the claim will succeed.” Smith, 170 F.3d at 613. To ensure uniformity and consistency, Congress intended fiduciary-duty claims to proceed through the system established by ERISA, subject to the limitations that ERISA imposes. As to Davila’s second prong, Daimler’s decision to purchase annuities selectively does not implicate any duty independent of ERISA; Loffredo does not contend otherwise. Unlike Judge Sutton, I believe that this claim was completely preempted.[1] This claim clearly cannot succeed as an § 1132(a)(2) claim, however, so leave to amend would be futile; dismissal would be proper for failure to state a claim under ERISA, not because it is preempted by ERISA.[2]
Loffredo’s silent-fraud claim alleges a failure to disclose information about Chrysler’s financial situation. Because ERISA does not provide a cause of action for failure to disclose such information, Loffredo could not have brought this claim under ERISA. Although it is not a direct claim for benefits, the resulting harm from the alleged fraud was that Loffredo did not take steps to access those benefits prior to Chrysler’s bankruptcy. By seeking to hold the defendants liable for conduct that allegedly resulted in lost benefits without challenging the denial of benefits itself, Loffredo is attempting to create an “alternate enforcement mechanism” to ERISA’s vehicle for recovery of benefits such that the claim is expressly preempted under § 1144. Thurman, 484 F.3d at 861 (quoting PONI, 399 F.3d at 698).
Finally, Loffredo’s failure to plead a claim for promissory estoppel renders unnecessary any preemption analysis as to that claim. I note only that, as described above, different consequences follow from preemption under § 1132(a) or § 1144, so we cannot simply state that a state-law claim is preempted either way and be done with it.
As the experience of courts around the nation, including this court and even the Supreme Court, demonstrates, clarity may *503 be a virtue that simply does not “relate to” ERISA preemption. With these observations, I concur in the judgment remanding the age-discrimination claims and otherwise affirming the judgment of the district court.

. Judge Sutton phrases the question broadly as whether a plaintiff can sue a non-fiduciary for money damages under state law, but the more precise question is whether the plaintiff can sue individuals or entities for breach of fiduciary duty under state law when ERISA does not impose fiduciary duties upon them.

. Even construing this claim somewhat awkwardly as an § 1132(a)(1)(B) claim, in which the defendants denied Loffredo benefits or violated the Plan by failing to purchase an annuity for him, granting leave to replead the claim as such appears futile. As the district court concluded, the Plan authorizes the administrators to purchase annuities on a selective basis.