**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 38 DEFINED BENEFIT PENSION PLAN; LAWRENCE MAZZOLA, Jr., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TRUSTEES OF THE PLUMBERS AND PIPE FITTERS NATIONAL PENSION FUND; WILLIAM P. HITE, <br><br> Defendants-Appellees. | No.   14-16543 <br><br> D.C. No. 4:13-cv-05528-YGR <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 13, 2016
San Francisco, California

Before:  O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Trustees of the U.A. Local 38 Defined Benefit Pension Plan ("Local 38")

appeal the district court's dismissal of its declaratory judgment action against the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Trustees of the Plumbers and Pipe Fitters National Pension Fund ("National"). We dismiss for lack of subject matter jurisdiction.

In its complaint, Local 38 asserted that the district court had subject matter jurisdiction over Local 38's claims pursuant to 29 U.S.C. § 1132(e)(1), Employee Retirement Income Security Act of 1974 (ERISA) § 502(e)(1), and 28 U.S.C. § 1331, because ERISA completely preempts National's underlying state-law breach of contract claim. If a state-law claim is completely preempted by ERISA § 502(a), then federal courts have federal question subject matter jurisdiction. *See Fossen v. Blue Cross & Blue Shield of Mont.*, 660 F.3d 1102, 1107 (9th Cir. 2011) ("Conflict preemption under ERISA § 502(a) . . . confers federal subject matter jurisdiction for claims that nominally arise under state law. . . . [S]tate-law claims may be removed to federal court if the 'complete preemption' doctrine applies." (citations omitted)); *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) ("Complete preemption under [ERISA] § 502(a) is 'really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" (quoting *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008)).

"[A] state-law cause of action is completely preempted if (1) an individual, at some point, could have brought the claim under ERISA § 502(a)[], and (2) . . . there is no other independent legal duty that is implicated by a defendant's actions." *Fossen*, 660 F.3d at 1107–08 (quoting *Marin Gen. Hosp.*, 581 F.3d at 946 (internal quotation marks omitted)). Both parts of this two-prong test must be met for a state-law claim to be completely preempted. *See id.*

National's breach of contract claim is not completely preempted, and the district court did not have subject matter jurisdiction. Neither prong of the preemption test is satisfied. The first prong is not satisfied because National could not have brought an action under ERISA § 502(a). National could not bring its breach of contract claim under ERISA § 502(a)(2) because the Trustees of Local 38 do not exercise any control of National's plan assets, and are therefore not fiduciaries of National's plan. *See* 29 U.S.C. § 1132(a)(2), ERISA § 502(a)(2); 29 U.S.C. § 1002(21)(A)(i); *cf. Bos v. Bd. of Trs.*, 795 F.3d 1006, 1011–12 (9th Cir. 2015). National also could not have brought its action under ERISA § 502(a)(3) because it is seeking damages for breach of contract, not equitable relief, and because National is not seeking to address a violation of ERISA or an ERISA plan. 29 U.S.C. § 1132(a)(3), ERISA § 502(a)(3).

The second prong also is not satisfied. In evaluating the second prong, the question "is whether the complaint relies on a legal duty that arises independently of ERISA." *Marin Gen. Hosp.*, 581 F.3d at 950. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted . . . ." *Id.* at 949.

Here, the underlying breach of contract claim is not preempted because it does not meet either the first or the second prong of the preemption test. Local 38's obligation to remit money to National is based on the United Association Pension Fund Reciprocal Agreement, and arises from a legal duty imposed by that contract, not by an underlying ERISA plan. Because Local 38 had an independent legal duty outside of ERISA, National's breach of contract claims are not completely preempted, and there is no federal question subject matter jurisdiction.[1]

**DISMISSED.**

---

[1] National's Motion To Dismiss Appeal As Moot is denied for lack of subject matter jurisdiction.