BRINKER v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 86004. Submitted April 2, 1986, at Detroit. Decided June 17, 1986.

Romandus Brinker, Jr., and Nancy Brinker brought an action in the Macomb Circuit Court against Michigan Bell Telephone Company, alleging breach of contract, misrepresentation, fraud, deception, improper inducement, interference with an advantageous economic relationship and loss of consortium as a result of defendant's inducing Romandus Brinker, Jr., to accept early retirement. Defendant moved for summary disposition on the basis that the claims were preempted by the Employment Retirement Income Security Act. The court, Lawrence P. Zatkoff, J., denied the motion. Defendant appealed by leave granted. *Held:*

A state's general common law is preempted by the Employment Retirement Income Security Act to the extent that the common law is relied upon to resolve disputes over litigants' rights and obligations that have their genesis in an employee benefit plan. Plaintiff's claims are preempted.

Reversed.

LABOR RELATIONS — EMPLOYMENT RETIREMENT INCOME SECURITY ACT — PREEMPTION — COMMON LAW.

A state's general common law is preempted by the Employment Retirement Income Security Act to the extent that the common law is relied upon to resolve disputes over litigants' rights and obligations that have their genesis in an employee benefit plan (29 USC 1001 *et seq.*).

*Albert Calille,* for defendant.

REFERENCES

Am Jur 2d. New Topic Service, Pension Reform Act § 7.

Employers' plan to grant bonuses to selected employees as "employee welfare plan," "employee pension plan," or "employee benefit plan" within meaning of 29 USCS § 1002(1-3) regarding labor law provisions of Employee Retirement Income Security Act of 1974 (29 USCS §§ 1001 *et seq.*). 55 ALR Fed 390.

Before: CYNAR, P.J., and WAHLS and E. E. BOR-
RADAILE,* JJ.

PER CURIAM. Defendant appeals by leave
granted from the order of the Macomb Circuit
Court denying defendant's motion for summary
disposition.

Romandus Brinker, Jr., had been employed by
defendant for many years when, in 1982, he was
presented with a "one-time offer" to participate in
defendant's Supplemental Income Protection Plan.
Defendant often used the SIPP to encourage volun-
tary termination of its employees, particularly
those eligible for early retirement. Under the plan,
plaintiff was permitted to retire before his sched-
uled retirement date and receive a pension con-
sonant with his years of service plus monthly
SIPP payments for the following four years. Defen-
dant accepted the plan and retired in April, 1982.

Plaintiff claims that, following his early retire-
ment, defendant offered the same SIPP to other
employees, contrary to its representation that the
SIPP was a "one-time offer." In September, 1984,
plaintiffs filed a complaint against defendant
claiming that defendant falsely characterized the
SIPP as a one-time offer and that, as a result of
defendant's misrepresentation, he lost pension ben-
efits by electing early retirement. Plaintiff sought
damages for breach of contract, misrepresentation,
fraud, deception, improper inducement and inter-
ference with an advantageous economic relation-
ship. Nancy Brinker sought derivative damages for
loss of consortium.

Defendant removed the action to federal court
and subsequently filed a motion for summary judg-
ment, alleging that all of plaintiffs' claims were
preempted by the Federal Employment Retire-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ment Income Security Act of 1974, 29 USC 1001 *et seq.* Rather than ruling on the merits of defendant's motion, the federal district court judge held that there was not sufficient basis to support federal removal jurisdiction and remanded the case to the Macomb Circuit Court.

Upon remand to the trial court, defendant again filed its motion for summary disposition pursuant to MCR 2.116(I) on the basis that plaintiffs' claims were preempted by ERISA. The trial court did not rule on the merits of the preemption issue but denied defendant's motion.

It is not disputed that the SIPP, which is at issue in this action, is considered an employee benefit plan within the meaning of ERISA. The question which we must decide is whether plaintiffs' state common-law causes of action are preempted by ERISA.

ERISA was enacted to promote and protect the interests of employees and their beneficiaries in employee benefit plans. *Shaw v Delta Air Lines, Inc,* 463 US 85, 90; 103 S Ct 2890; 77 L Ed 2d 490 (1983). It applies to all employee benefit plans established by an employer engaged in an industry or activity which affects commerce. 29 USC 1003(a). Save for a few limited exceptions, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 USC 1144(a); § 514(a) of ERISA.

In *Shaw v Delta Air Lines, supra,* the United States Supreme Court considered the scope of the ERISA's preemptive provisions in the context of New York's Human Rights Law and Disability Benefits Law and concluded that Congress intended a broad application:

We have no difficulty in concluding that the

Human Rights Law and Disability Benefits Law "relate to" employee benefit plans. The breadth of § 514(a)'s pre-emptive reach is apparent from that section's language. A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.

\*   \*   \*

Nor, given the legislative history, can § 514(a) be interpreted to pre-empt only state laws dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like. The bill that became ERISA originally contained a limited pre-emption clause, applicable only to state laws relating to the specific subjects covered by ERISA. The Conference Committee rejected these provisions in favor of the present language, and indicated that the sections' pre-emptive scope was as broad as its language. [*Id.,* pp 96-98.]

Employing this standard in the present case, we conclude that plaintiffs' state common-law claims are preempted by ERISA. Plaintiffs' complaint states causes of action for breach of contract, misrepresentation, fraud, deception and improper inducement. Although plaintiffs' claims are technically based upon Michigan common law, even a state's general common law is considered preempted by ERISA if "state common law is being relied upon to resolve a dispute over the litigants' rights and obligations that have their genesis in an employee benefit plan." *Hollenback v Falstaff Brewing Corp,* 605 F Supp 421, 429 (ED Mo, 1984), aff'd 780 F2d 20 (CA 8, 1985). See also *Authier v Ginsberg,* 757 F2d 796 (CA 6, 1985); *Ogden v Michigan Bell Telephone Co,* 571 F Supp 520 (ED Mich, 1983).

Here, all of the common-law causes of action pled by plaintiffs are intimately connected to de-

fendant's administration of the SIPP and plaintiffs' receipt of pension benefits. Compare *Visioneering, Inc, Profit Sharing Trust v Belle River Joint Venture,* 149 Mich App 327; 386 NW2d 185 (1986). No other conclusion can be reached but that the common law which plaintiffs rely on "relates to" the employee benefit plan which is covered by ERISA. To hold otherwise would conflict with Congress's intent to avoid conflicting state regulations and interpretations and to make the regulation of pension plans exclusively a federal matter. *Shaw, supra.* Moreover, if the alleged violations did occur, plaintiffs may pursue the remedies expressly provided by ERISA.[1] See 29 USC 1024(b), 1104, and 1109(a). *Ogden, supra.* It is in ERISA that plaintiffs' remedies lie.

Since plaintiffs' state common-law claims are pre-empted by ERISA, plaintiffs' complaint fails to state a cause of action as a matter of law. MCR 2.116(C)(8). The lower court erred in denying defendant's motion for summary disposition.

Reversed.

---

[1] We are most concerned that plaintiff may be left without any remedy should plaintiff's claim be barred by the statute of limitations. However, we have been hampered in considering this question by plaintiff's failure to submit a brief on appeal.