**Derald VAN CAMP and Patricia Van Camp, Plaintiffs,**

**v.**

**AT & T INFORMATION SYSTEMS, a Delaware Corporation, William Bugera, David E. Crimer, and Marise E. Stephens, Jointly and Severally, Defendants.**

**Civ. No. 90–73363.**

United States District Court, E.D. Michigan, S.D.

March 19, 1991.

Kathleen Bogas, Detroit, Mich., for plaintiffs.

Anthony Haisch, Detroit, Mich., for defendants.

### MEMORANDUM AND ORDER DENYING MOTION TO REMAND

COHN, District Judge.

This case involves a claim of age and sex discrimination in violation of Michigan's Elliott–Larsen Civil Rights Act, Mich.Stat. Ann. § 3.548(101) *et seq.* [M.C.L.A. § 37.-2101 et seq.] (Callaghan 1990). The complaint, filed on October 12, 1990 in the Wayne County Circuit Court, alleged that plaintiff Derald Van Camp (Van Camp), an employee of defendant AT & T Information Systems (AT & T), was ordered transferred to New Jersey from Michigan because of his age and sex, in violation of Elliott–Larsen, and that his only alternative was to accept an early retirement program or demotion. As a consequence of his known

inability to accept the transfer, plaintiffs further alleged that Van Camp was "ultimately forced into an early retirement." Plaintiffs prayed for Van Camp's reinstatement, in addition to back pay and compensatory and exemplary damages.

Defendant AT & T removed the case to this Court on November 15, 1990, on the grounds that plaintiff's claims related to a pension plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and that the Court had original jurisdiction over matters that relate to such a plan pursuant to 29 U.S.C. §§ 1132(e) and (f). AT & T cited 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1337 (jurisdiction over actions arising from federal law regulating commerce); and 28 U.S.C. § 1441 (removal) in support of removal. On December 19, 1990, plaintiffs moved to remand the case to the Wayne County Circuit Court on the ground that their claims were based solely on Elliott–Larsen and raised no federal question. At oral argument on the motion to remand on January 28, 1991, the Court expressed uncertainty as to the nature of plaintiffs' claims because it appeared that the allegations of "forced retirement" and the prayer for reinstatement necessarily implicated ERISA rights and obligations. Under the authority of *Ingersoll–Rand Co. v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), such state law claims are completely preempted by ERISA, 29 U.S.C. § 1144(a). However, based on plaintiffs' representations that they eschewed any right to reinstatement and intended to plead solely state law claims, the Court granted leave to file an amended complaint. See Order of February 6, 1991.

On February 6, 1991, plaintiffs filed an amended complaint in an effort to eliminate allegations that would summon the preemptive force of ERISA. Plaintiffs were unsuccessful. Paragraphs 9–11, 13, 14, and 17 of the amended complaint, as well as paragraphs a) and e) of plaintiffs' request for relief continue to implicate ERISA. These paragraphs state:

9. That on or about July 30, 1989 defendants unilaterally assigned plaintiff to a staff position which required direct line reporting to the State of New Jersey.

10. That plaintiff was given no choice in the matter of reassignment, despite his years of loyal service with the company.

11. That the only alternative plaintiff was given was to accept an early retirement package or demotion, despite his willingness and enthusiasm to retain his original position.

....

13. That plaintiff was ultimately forced to choose an early retirement, effective December 30, 1989.

14. That plaintiff was transferred and then forced into said retirement in whole or in part because of his age....

17. That ... plaintiff Derald Van Camp ... has suffered a loss of earnings, pension and other supplemental benefits....

....

WHEREFORE, plaintiffs Derald Van Camp and Patricia Van Camp pray that this Honorable Court grant the following remedies:

a) Declare that the aforementioned practices and actions of the defendants constitute unlawful employment practices in violation of the Michigan Civil Rights Act, MCLA 37.-2101, *et seq.;*

....

e) Award such other relief as this Court deems just and proper.

Clearly, the amended complaint alleges wrongful acts by AT & T that involve not only violations of Elliott–Larsen, but a violation of ERISA as well, because it states that Van Camp was forced to accept early retirement at a lower level of benefits, a decision which, according to the terms of the pension plan, is irrevocable. Unless Van Camp's retirement was involuntary, there would be no justification for altering or not enforcing the terms of the pension plan. Indeed, defendant has included in its opposition papers a triggering form signed by Van Camp which states in part, "This is

my official notification to voluntarily retire from AT & T with a service pension on December 30, 1989."

Ingersoll–Rand is determinative in its holding that where "the existence of a pension plan is a critical factor in establishing liability under [a state's] wrongful discharge law," there is preemption. —— U.S. at ——, 111 S.Ct. at 483, 112 L.Ed.2d at 484. As the Supreme Court noted, ERISA's preemption provision was intended "to ensure that plans and plan sponsors would be subject to a uniform body of benefit law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government." Id. at ——, 111 S.Ct. at 484, 112 L.Ed.2d at 486. It is no denigration of the Michigan judicial system to say that relegating plaintiff's dispute with AT & T to that system could not achieve the goal of ERISA's preemption provision.[1]

The motion to remand is DENIED. Given the stated schedule, there is no need to amend the Pretrial And Scheduling Order entered December 13, 1990.

SO ORDERED.

---

**1.** In fact, the Court notes that, in a similar case, the Michigan Court of Appeals held that the plaintiff's state law claims were preempted by ERISA. *Brinker v. Michigan Bell Telephone Co.,* 152 Mich.App. 729, 394 N.W.2d 88 (1986).