683 N.W.2d 142 (2004)
C.C. MID WEST, INC.
v.
McDOUGALL.
No. 123237.
Supreme Court of Michigan.
June 17, 2004.
SC: 123237. COA: 213386.
On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the court, we VACATE the January 17, 2003 judgment of the Court of Appeals and REMAND this case to the Oakland Circuit Court for further development of the factual record through discovery or, if appropriate, for amendment of the pleadings. In considering a motion challenging jurisdiction under MCR 2.116(C)(4), a court must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate that the court lacks subject matter jurisdiction. MCR 2.116(G)(5). While defendants' statements about self-contribution may, in the abstract, be related to their pension fund duties, further factual development may show that they were not. While we are not by this order endorsing a particular definition of "relate[s] to" for the purpose of preemption under the Employee Retirement Income Security Act (ERISA), 29 USC § 1001 et seq, we believe further factual development will assist the circuit court in this matter. We therefore remand for further factual development. For instance, it is not apparent from the pleadings, depositions, admissions, and documentary evidence whether the plan administrators had any duty to communicate information to the former employees because it is impossible to determine from the available information whether the former employees remained eligible to self-contribute at the time the challenged communications were made. This may be a threshold issue bearing on whether the fiduciaries' activities were protected under ERISA's preemption provisions. See e.g., Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836, (1988).
We do not retain jurisdiction.