*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RENTAL AT EASE LLC,

Plaintiff-Appellant,

v

DOOR AND WINDOW GUARD SYSTEMS INC,

Defendant-Appellee.

UNPUBLISHED
July 25, 2025
8:52 AM

No. 370671
Wayne Circuit Court
LC No. 22-009116-CB

Before: MALDONADO, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

In this civil case, plaintiff appeals by right the trial court order granting summary disposition pursuant to MCR 2.116(C)(10) to defendant; enforcing the $600.00 liquated damages clause in the parties' contract; and transferring the case to the district court for lack of subject matter jurisdiction under MCR 2.116(C)(4) (lack of subject-matter jurisdiction). On appeal, plaintiff argues that the trial court erred by applying the liquated damages clause in the parties' rental agreement to defendant's alleged breach of contract. We disagree and affirm.

## I. BACKGROUND

Plaintiff owned a residential rental property and entered into a contract with defendant to lease and install window and door guards on a structure at the property. As a result of vandalism, the structure sustained significant fire damage. After the fire, plaintiff posited that the vandals entered the property through one of the windows or the door in the rear of the structure that did not have guards. Plaintiff then filed a complaint against defendant alleging one count of breach of contract, one count of negligence, and one count of gross negligence. The claims of negligence and gross negligence were dismissed by consent order.

In its remaining breach of contract claim, plaintiff alleged that "plaintiff contracted to have all windows and doors secured, including the door to the outside and windows in the rear porch," but defendant failed to secure the door and windows in the rear porch. Plaintiff further alleged that "the fire was set and started in the unguarded and unprotected rear porch which [d]efendant failed to secure by installing guards over the windows and rear porch door to the outside."

Defendant moved for summary disposition on the breach of contract claim, requesting that the trial court limit plaintiff's damages to the liquidated damages clause in the parties' contract, which "fixed the amount of damages at one month's rent" of the leased equipment. According to defendant, the liquidated damages clause addressed two situations: (1) if the equipment fails due to defective materials or poor workmanship, causing loss, damage, or injury (direct or indirect), and (2) any other situation that results in damages, even if caused by negligence. Defendant argued that in either case, the maximum amount that defendant would be liable to pay is the price of one month of the leased equipment, which, in this case, is $600.00.

Plaintiff argued that the liquated damages clause deals only with warranties about the quality and suitability of the door and window guards, not defendant's failure to install them. Plaintiff emphasized that its claim for breach of contract is not about *defective* guards, but rather defendant's *failure to install* guards on the back door and two windows, as agreed by the contract. Therefore, plaintiff argued that defendant should not be protected by the liability limitation. The trial court granted defendant's motion, ruling that the broad language of the liquidated damages clause applies to more than warranties. As a result, plaintiff's claims fell "below the jurisdictional threshold of $25,000.00." Accordingly, the trial court transferred this case to the district court for lack of subject matter jurisdiction.

This appeal followed.

## II. STANDARDS OF REVIEW

We review "de novo a trial court's decision on a motion for summary disposition." *Bailey v Antrim County*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted). A "[d]e-novo review means we review the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis, quotation marks, and citations omitted).]

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition MCR 2.116(C)(10)." *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 684 n 4; 965 NW2d 707 (2020) (quotation marks and citation omitted). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994).

Summary disposition is proper under MCR 2.116(C)(4) when, after considering the pleadings, depositions, admissions, and other documentary evidence, the court determines that it lacks jurisdiction over the subject matter of the case. *CC Mid West, Inc v McDougall*, 470 Mich 878; 683 NW2d 142 (2004); MCR 2.116(G)(5). "[W]hether a trial court had subject-matter jurisdiction over a claim is a question of law that is reviewed de novo." *Harris v Vernier*, 242 Mich App 306, 309; 617 NW2d 764 (2000). Circuit courts in Michigan "have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given . . . by statute to some other court . . . ." MCL 600.605. Under MCL 600.8301, the district court in Michigan has "exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00."

## III. ANALYSIS

Plaintiff contends that the liquidated damages clause applies exclusively to warranty-related claims, leaving breach of contract claims outside the scope of damage limitations. We disagree.

"[T]he primary goal of contract interpretation is to ascertain and effectuate the intent of the contracting parties. The law presumes that the contracting parties' intent is embodied in the actual words used in the contract itself." *City of Grosse Pointe Park v Michigan Muni Liability & Prop Pool*, 473 Mich 188, 218-219; 702 NW2d 106 (2005). When the contractual language is plain and unambiguous, the contract must be enforced by its terms. *English v Blue Cross Blue Shield of Michigan*, 263 Mich App 449, 471; 688 NW2d 523 (2004). "The words of a contract are interpreted according to their plain and ordinary meaning, and this Court gives effect to every word, phrase, and clause while avoiding interpretations that would render any part of the document surplusage or nugatory." *Patel v FisherBroyles*, *LLP*, 344 Mich App 264, 272; 1 NW3d 308 (2022) (quotation marks and citation omitted).

A contract is ambiguous when it is equally susceptible to different interpretations or when two provisions irreconcilably conflict with each other. *Coates v Bastian Bros., Inc.*, 276 Mich App 498, 503, 741 NW2d 539 (2007). However, a court cannot ignore a portion of the agreement to avoid or find an ambiguity; rather, the court must give effect to every word or phrase as far as practical. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003).

In the present case, the parties entered into an agreement that contained the following provision:

> 7. Inspection and Warranties. [Defendant] agrees to take all reasonable steps to ensure that the Leased Equipment is in working condition as of the date of its delivery to the [plaintiff]. Nevertheless, [plaintiff] is responsible for inspecting the Leased Equipment and satisfying itself as to its fitness for the particular purpose in which it is employed. [DEFENDANT] MAKES NO WARRANTIES, EITHER EXPRESS OR IMPLIED AS TO THE MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE OF THE LEASED EQUIPMENT OTHER THAN THOSE CONTAINED HEREIN AND [PLAINTIFF] AGREES THAT [DEFENDANT'S] LIABILITY FOR ANY FAILURE OF THE LEASED EQUIPMENT, RESULTING IN LOSS DAMAGE OR INJURY DIRECT OR

INDIRECT FROM DEFECTIVE MATERIAL FAULTY WORKMANSHIP OR OTHERWISE HOWSOEVER ARISING AND WHETHER OR NOT CAUSED BY NEGLIGENCE SHALL BE LIMITED TO AND NOT EXCEED ONE MONTHS RENTAL FOR ALL SAID LEASED EQUIPMENT.

Plaintiff argues that this provision applies only to liability for failures of the "leased equipment" because the paragraph addresses only "leased equipment." However, the trial court determined that this provision applies beyond the failure of the leased equipment:

Upon review of the terms taken as a whole in paragraph seven, [the] Court finds the language goes beyond just the leased equipment. The terms include faulty workmanship or otherwise howsoever arising and whether or not caused by negligence shall be limited to and not exceed one month rental for all said leased equipment. [The] Court finds the terms in paragraph seven are unambiguous and broad and the language is inclusive and not limited to the leased equipment, but the implementation of the agreement. Thus, damages clause applies here and defendants argue the reasonableness of the clause, which was undisputed by the plaintiffs. So, that's not an issue. In sum, the Court finds that the limitation of damages clause is applicable, reasonable and enforceable.

We do not find fault with the trial court's determination. The term "leased equipment" is defined in the agreement to mean "the security doors, screens, lights and materials *to be supplied* on rental." (Emphasis added). The term "to be supplied" expands the paragraph's scope because the term necessarily encompasses performance obligations that extend beyond warranty provisions. Put differently, because defendant's installation obligations are addressed within paragraph seven as "leased equipment," the limitation of damages applies comprehensively to both warranties claims and breach of contract claims. Consequently, to the extent that plaintiff argues that defendant was contractually obligated to install certain equipment and that it failed to do so, that failure and that equipment would be covered by the provision in question.

Moreover, although the paragraph at issue generally involves "Inspection and Warranties," the provision nevertheless is drafted broadly. In particular, this provision limits liability "howsoever arising and whether or not caused by negligence." To interpret this phrase the way plaintiff argues would create surplusage, which this Court avoids. See *Patel*, 344 Mich App at 272.

Accordingly, summary disposition was appropriate pursuant to MCR 2.116(C)(10). Moreover, because the damages are limited to the price of one month of renting the equipment, or $600.00 in this case, summary disposition is also appropriate pursuant to MCR 2.116(C)(4).

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Mark T. Boonstra
/s/ Randy J. Wallace

-4-